Wang v. Sessions

BIA
Laforest, IJ
A205 270 818

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the29th 29th day of November, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

ZONG YI WANG,
        *Petitioner,*

        v.                                        16-2644
                                                  NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Marta Bachynska, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony C. Payne,
                         Assistant Director; Kathleen Kelly
                         Volkert, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zong Yi Wang, a native and citizen of the People's Republic of China, seeks review of a July 6, 2016, decision of the BIA affirming a June 17, 2015, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Zong Yi Wang,* No. A 205 270 818 (B.I.A. July 6, 2016), *aff'g* No. A 205 270 818  (Immig. Ct. N.Y. City June 17, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, [an IJ] may base a credibility determination on the demeanor, candor, or responsiveness of the applicant

2

. . ., the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Wang was not credible.

"We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). We defer to the agency's demeanor finding here because the IJ provided several

3

specific examples of Wang's hesitancy and nonresponsive answers, and these examples are supported by the record. *Cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Wang took long pauses and had difficulty answering questions on direct and cross examination regarding his persecution, his church attendance in China, his police interrogation, and the sermons he heard at his churches in China and the United States. Wang also testified inconsistently, first stating that, at the time of his arrest, his only son was almost one year old, but then acknowledging that his son was born four days before the alleged arrest. The agency reasonably concluded that this inconsistency called into question whether Wang had actually lived through the events he described. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. And contrary to Wang's argument that he had no opportunity to explain this inconsistency, the record reflects that Government counsel confronted Wang about it, and his explanation was that he had trouble remembering. The IJ

4

was not compelled to accept that explanation, particularly because Wang also testified that it was a traumatic experience to be separated from his newborn child while he was detained. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Wang now argues, for the first time, that his mistake is attributable to the Chinese practice of considering a newborn to be a year old. As the Government argues, this explanation was not exhausted because neither Wang nor his attorney provided this explanation to the IJ or on appeal to the BIA. *Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004). And Wang has not provided an affidavit or objective evidence to support his attorney's assertion. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (an attorney's statements in a brief are not evidence). Moreover, even crediting the theory, the explanation does not work because it does not resolve why Wang gave his son's age as almost one year. *See Majidi*, 430 F.3d at 80. Nor does Wang's explanation (that he was nervous and made innocent mistakes) compel a contrary conclusion. *Id.*

In sum, Wang's hesitancy, lack of responsiveness, and inconsistency constitute substantial evidence for the adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6